IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2064-BO

| | |
|---|---|
| RAYMOND W. ACCOLLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| TRACY JOHNS, | ) |
| | ) |
| Respondent. | ) |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. Now before the court is respondent's motion to dismiss. Petitioner responded to the motion, and the matter is ripe for determination.

DISCUSSION

I. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even

if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

II. Background

On November 5, 2003, in the United States District Court for the Southern District of New York, petitioner entered a guilty plea and plead guilty to various counts of conspiracy, Hobbs Act robbery, and use of a firearm in relation to a crime of violence. United States v. Accolla, 7:03-CR-1250-LAP-1, docket sheet. On March 25, 2005, petitioner was sentenced to a 174-month aggregate term of imprisonment. Id. at D.E. 49; Pet. at p. 1 and 2. On April 12, 2005, petitioner noticed an appeal Id. At D.E. 51. Petitioner's direct appeal was dismissed without prejudice on the basis that the only claims raised were ineffective assistance of counsel. United States v. Accolla, 253 Fed. App'x 154 (2nd Cir. Nov. 8, 2007) (unpublished). On April 1, 2008, petitioner then filed a § 2255 motion to vacate which was denied on March 23, 2011. Accolla v. Unit4ed States, 1:08-CV-3223-RO-LMS, Docket Sheet and Reports and Recommendation - D.E. 9 and Order - D.E. 13.

On April 4, 2011, petitioner filed this § 2241 habeas petition, wherein he asserts actual innocence of the § 924(c) firearm conviction under Bailey v. United States, 516 U.S. 137 (1995). Thus, he states his claim is properly presented as one under § 2241 because of the savings clause in 28 U.S.C. § 2255(e).

2

III. Analysis

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his sentence. He seeks relief pursuant to the Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995), and the Second Circuit decision in United States v. Snow, 462 F.3d 55 (2nd Cir. 2006). The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, petitioner sought permission to file a second or successive motion to vacate his sentence under § 2255 in the circuit court as required by 28 U.S.C. § 2244. Id. at 329. And in fact, the issue in Jones was a Bailey issue. The Fourth Circuit held that because the Bailey claim did not rest on "a new rule of constitutional law" as required by § 2244 which allowed a second or successive claim to be filed in the district court, § 2241 might be available to him. Id. Specifically, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. "In short, under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law.

3

If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 210). Here, the second prong cannot be met. Bailey was decided approximately 10 years before petitioner pleaded guilty, and his guilty plea was entered with full knowledge of the change that decision had on the substantive law. Likewise, Snow was decided approximately two years before petitioner filed his first § 2255 motion and the guilty plea was again entered with full knowledge of that decision. Petitioner had an unobstructed procedural shot at filing both a direct appeal and § 2255 motion in which he could have raised Bailey and Snow issues.

Petitioner fails to establish that a petitioner pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention" as is required to satisfy the savings clause of § 2255(e).

## CONCLUSION

Respondent's Motion to Dismiss [D.E. 8] is GRANTED and the Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the _9_ day of January 2013.

TERRENCE W. BOYLE
United States District Judge